USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/18/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                  :  SEALED
                                             INDICTMENT
       - v. -                             :  12 Cr.

ROGER KEY,                                   12 CRIM 712
  a/k/a "Luchie,"

       Defendant.                         :

- - - - - - - - - - - - - - - - - - - - - - x

JUDGE STEIN

## COUNT ONE

The Grand Jury charges:

1.  In or about November 2011, in the Southern District of New York and elsewhere, ROGER KEY, a/k/a "Luchie," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to use and cause another to use a facility of interstate commerce, with intent that a murder be committed in violation of the laws of any State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, to wit, in exchange for a promise of payment to a co-conspirator not named as a defendant herein ("CC-1"), KEY agreed with CC-1 and others in the Bronx, New York, to kill another individual ("Victim-1"), which arrangements depended in part upon communications by cellular telephones operating on interstate

networks, and which resulted in the shooting, and personal injury, of another individual ("Victim-2") in Brooklyn, New York.

(Title 18, United States Code, Section 1958.)

### COUNT TWO

The Grand Jury further charges:

2. On or about November 16, 2011, in the Southern District of New York and elsewhere, ROGER KEY, a/k/a "Luchie," the defendant, willfully and knowingly did use and cause another to use a facility of interstate commerce, with intent that a murder be committed in violation of the laws of any State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, to wit, in exchange for a promise of payment to a co-conspirator not named as a defendant herein ("CC-1"), KEY agreed with CC-1 and others in the Bronx, New York, to kill another individual ("Victim-1"), which arrangements depended in part upon communications by cellular telephones operating on interstate networks, and which resulted in the shooting, and personal injury, of another individual ("Victim-2") in Brooklyn, New York.

(Title 18, United States Code, Sections 1958 and 2.)

### COUNT THREE

The Grand Jury further charges:

3. On or about November 16, 2011, in the Southern District of New York and elsewhere, ROGER KEY, a/k/a "Luchie,"

2

the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted murder-for-hire charged in Count Two of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)

## FORFEITURE ALLEGATIONS

4.    As a result of committing the murder-for-hire offenses charged in Counts One and Two of this Indictment, ROGER KEY, a/k/a "Luchie," the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all property constituting or derived from any proceeds KEY obtained directly or indirectly as a result of the said violations and any and all property that constitutes or is derived from proceeds traceable to the commission of the violations alleged in Counts One and Two of this Indictment.

### Substitute Assets

5.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with,

third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be

subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of said defendant up to the value of the

forfeitable property.

(Title 18, United States Code, Section 981,
Title 28, United States Code, Section 2461, and Title 21, United
States Code, Section 853(p).)


_____   9/18/12
FOREPERSON

_____
PREET BHARARA
United States Attorney

4

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ROGER KEY,
a/k/a "Luchie"

Defendant.

SEALED INDICTMENT

12 Cr.

(Title 18, United States Code,
§§ 1958, 924(c) and 2.)

PREET BHARARA
United States Attorney.

_Mur Pearto foreperson 9/18/2012_

_9/18/12 Filed Sealed Ind. Warrant Issued_

_COTS USMJ_