

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/13/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -against-

ROGER KEY, et al.,

                    Defendants.

12 Cr. 712 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    The trial of the three remaining defendants in this action is scheduled to commence on March 17. Defendant Aisha Babilonia has now moved to sever her trial from that of defendants Roger Key and Jose Capriata. That motion is denied for the reasons set forth below.

    Two counts of the Fifth Superseding Indictment ("S5 Indictment") charge all three defendants (Babilonia, Capriata, and Key) with conspiracy to commit murder-for-hire and the attempted murder-for-hire of Babilonia's then-boyfriend, Matthew Allen. Capriata and Key—but not Babilonia—are also charged with a firearms offense in connection with those two counts. All other charges in the S5 Indictment—involving a narcotics conspiracy, firearms, and the murder-for-hire of Terry Harrison—are alleged against defendant Key alone. Babilonia argues that trying her alongside Key will prejudice her as a result of the government's attempt to link the plot to murder Allen with the narcotics conspiracy, with which Babilonia is not charged. Babilonia also argues that severance is warranted because the allegations against Key are "substantially more serious" than the charges against her, making prejudice to her "inevitable." Def.'s Mem. of Law 7.

    Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts [or] sever the defendants' trials." The case law expresses a preference for joint trials due to their promotion of judicial efficiency and prevention of inconsistent verdicts. *See, e.g., Zafiro v. United States*, 506 U.S. 534, 538 (1993); *United*

*States v. O'Connor*, 650 F.3d 839, 858 (2d Cir. 2011). In addition, courts grant severance of properly joined defendants "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 538. Courts must weigh the risk of prejudice against "the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998). The U.S. Court of Appeals for the Second Circuit has cautioned that "[t]he principles that guide the district court's consideration of a motion for severance usual counsel denial." *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993).

During oral argument of this motion, the Court asked the prosecution to specify the purported link between the narcotics conspiracy, with which only Key is charged, and the Allen murder plot, with which all three defendants are charged. The government responded that it intends to prove at trial that an unindicted coconspirator in the narcotics and murder for hire conspiracies—a drug partner of Key—provided Capriata as the shooter. The government will also seek to introduce a conversation between Key and a cooperating witness, during which Key and the witness allegedly revealed a two-fold motivation for procuring the murder of Allen: (1) Allen had been physically abusing Babilonia, Key's close friend, and (2) Allen's murder would curry favor with Babilonia's family members, who Key believed were involved in the drug trade.

Counsel for Babilonia conceded for purposes of the argument that the conversation would be admissible as a co-conspirator statement pursuant to Federal Rule of Evidence 801(d)(2)(E); he argued, however, that the statement should be excluded under Rule 403 due to unfair prejudice, as Babilonia is not charged with the narcotics conspiracy and is not alleged to have shared the narcotics-related motive for the attempted murder of her boyfriend. Further, Babilonia contends that "it would be impossible for the jury to separate why she allegedly contracted to kill her future husband while simultaneously following the Government's attempts to establish relationships among the alleged narcotics co-conspirators," who do not include Babilonia. Def.'s Mem. of Law 7. The government counters that the Court has the ability to cure any potential spillover prejudice by

2

instructing the jury not to consider evidence of Key's narcotics activities against Babilonia.

Weighing any potential prejudice to Babilonia against the judicial economy that a joint trial would achieve in this case, the Court determines that severance is not warranted. First, there is little merit to Babilonia's argument that she will "inevitab[ly]" experience prejudice as a result of being tried with defendant Key, whose culpability she describes as "vast in comparison." Def.'s Mem. of Law 7. Babilonia faces charges (attempted murder for hire and conspiracy to commit murder for hire) that are either equal to, or even more severe than, those alleged against her co-defendants (murder for hire, narcotics, and firearms). The simple fact that Key is charged with a greater number of crimes, therefore, does not pose a credible risk of prejudice to Babilonia. *See Zafiro*, 506 U.S. at 539; *United States v. Chang-An Lo*, 851 F.2d 547, 557 (2d Cir. 1988).

More importantly, there is little indication that the jury will be more inclined to convict Babilonia on the murder-for-hire charges as a result of the government's attempt to link those charges with the narcotics conspiracy alleged against Key. The Court will instruct the jury that Babilonia is charged only with conspiracy to commit and attempted murder for hire of Allen, and that they cannot use any evidence of Key's narcotics activities against Babilonia. There is no reason to believe a reasonable juror will not be able to follow such a charge. *See United States v. Rittweger*, 524 F.3d 171, 179 (2d Cir. 2008); *see also Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (noting the presumption that juries follow the court's instructions). In sum, the Court's limiting instruction will mitigate or obviate any risk of prejudice to Babilonia that a joint trial may pose.

Finally, the advantages of conducting a joint trial of all three defendants are significant. The government anticipates that a trial on all counts of the S5 Indictment will last five weeks. It also expects that several of its witnesses will testify on both the narcotics and murder for hire counts. Given this significant evidentiary overlap, trying Babilonia separately would constitute an inefficient use of the Court's resources. *See United States v. Galchanskaya*, No. 98 Cr. 1368, 2000 WL 1134481, at *2 (S.D.N.Y. Aug. 10, 2000) ("It is obvious, and it is the law, that joint trials

conserve judicial resources, reduce the burdens on citizens who must serve as jurors and avoid the need of having witnesses repeat testimony at successive trials.") (citation omitted). The Court concludes that, in the circumstances of this case, a limiting instruction directing the jury not to consider Key's narcotics activities against Babilonia provides sufficient protection against any impermissible prejudice. Accordingly, Babilonia's motion for severance is denied.

Dated: New York, New York
February 13, 2014

SO ORDERED:

Sidney H. Stein, U.S.D.J.