UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:     PRELIMINARY ORDER OF
  - v. -                                                   FORFEITURE/
:     MONEY JUDGMENT
ROGER KEY
a/k/a "Luchie,"                                       :     R-S9 12 Cr. 712 (SHS)

            Defendant.                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about April 2, 2014, ROGER KEY (the "Defendant") was charged, among others, in a nine-count Superseding Indictment, R-S9 12 Cr. 712 (SHS) (the "Indictment"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One); firearms charge in connection with Count One, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Two); murder-for-hire conspiracy, in violation of Title 18, United States Code, Section 1958 (Counts Three, Six, and Seven); attempted murder-for-hire, in violation of Title 18, United States Code, Sections 1958 and 2 (Count Four); firearms charge in connection with Counts Three and Four, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2 (Count Five); murder in connection with a drug crime, in violation of Title 21, United States Code, Section 848(e)(1)(A), Title 18, United States Code, Section 2 (Count Eight); and firearms charge in connection with Counts Six and Seven, in violation of Title 18, United States Code, Sections 924(j)(1) and 2 (Count Nine);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense and any and all property used or intended

to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about April 2, 2014, the Defendant was found guilty, following a jury trial, of Counts One through Six of the Indictment;[1]

WHEREAS, the Government asserts that $16,200,000 in United States currency represents any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $16,200,000 million in United States currency, pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the Indictment; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Indictment, of which the Defendant was found guilty, following a jury trial, a money judgment in the amount of

---

[1] Key's conviction on Count Five will be vacated upon Key's resentencing.

$16,200,000 million in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, ROGER KEY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
February 8, 2021

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE