UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ROGER KEY

Defendant.

12-cr-712 (SHS)
24-cv-4956 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

In 2015, defendant Roger Key was convicted by a jury of six charges related to drug trafficking and two conspiracies to commit murder for hire. (ECF No. 575.) This Court sentenced him to life imprisonment plus 30 years, and the U.S. Court of Appeals for the Second Circuit affirmed that determination. *United States v. Babilonia*, 854 F.3d 163 (2d Cir. 2017). Gerald McMahon, Esq., a skilled and experienced criminal defense attorney, represented Key through trial and sentencing. (ECF No. 575.)

In 2018, Key petitioned the Court *pro se* to vacate his sentence pursuant to 28 U.S.C. § 2255 and Fed. R. Civ. P. 60(b) and (d). (ECF No. 640.) That motion was denied. *United States v. Key*, No. 12-CR-712-1, 2019 WL 2314693 (S.D.N.Y. May 31, 2019). The Second Circuit subsequently granted a certificate of appealability on two issues: (1) whether *United States v. Davis*, 588 U.S. 445 (2019), applies to cases on collateral review, and (2) whether this Court properly denied Key's challenge to his 18 U.S.C. § 924(c) conviction on Count Five. *See* Order Granting Motion for Certificate of Appealability In Part at 1, *United States v. Key*, No. 19-2169 (2d Cir. Jan. 3, 2020), ECF No. 44. Conceding that *Davis* applied retroactively, the government moved to vacate the Count Five conviction and remand to this Court for sentencing. Motion to Vacate Judgment, to Remand Appeal, On Behalf of Appellee United States of America at 1, *United States v. Key*, No. 19-2169 (2d Cir. July 3, 2020), ECF No. 76. The Second Circuit granted that motion, vacating the conviction on Count Five and remanding for sentencing. Order at 1, *United States v. Key*, No. 19-2169 (2d Cir. Nov. 4, 2020), ECF No. 95. This Court then resentenced Key *de novo* to 45 years' imprisonment and 10 years' supervised release (ECF No. 766 at 23-24), and imposed a $16.2 million forfeiture.

Defendant filed an appeal from that sentence and forfeiture. (ECF No. 768.) Key, through counsel, contended that the 45-year term of imprisonment was substantively unreasonable and that the Court had erred in ordering forfeiture. Brief on Behalf of Appellant at 30, 38, *United States v. Key*, No. 22-337 (2d Cir. June 28, 2022), ECF No. 30.

1

The Second Circuit affirmed the judgment and sentence. *United States v. Key*, No. 22-337, 2023 WL 4072834 (2d Cir. June 20, 2023).

In June 2024, Key filed *pro se* the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 797.) He alleges that his trial counsel was constitutionally ineffective for (1) failing to subpoena one of Key's codefendants—Aisha Babilonia—to testify at Key's trial; (2) relying on the representations of the government to claim that Babilonia intended to invoke her Fifth Amendment right not to incriminate herself if called to testify (*id.* at 5-6); (3) failing to challenge the sufficiency of the government's evidence regarding forfeiture (*id.* at 8; ECF No. 821 at 1); (4) failing to challenge the jurisdictional element of his crimes (ECF No. 797 at 9); and (5) failing to object to the government's statements to the jury in closing that "certain evidence was either cocaine or cocaine residue." (*Id.* at 10.) Because Key proceeds *pro se*, the Court construes his submissions liberally and interprets them "to raise the strongest arguments they suggest." *See Triestman v. Fed Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant must "'compl[y] with relevant rules of procedural and substantive law.'" *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

For the reasons that follow, the Court denies defendant's motion.

## I.   LEGAL STANDARD

28 U.S.C. § 2255 directs the Court to vacate, set aside, or correct a sentence if it finds that there has been "such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[1] Section 2255 review must be "narrowly limited to preserve the finality of criminal sentences," *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996), and "the burden of proof is on the party seeking relief." *Galviz Zapata v. United States*, 431 F.3d 395, 399 (2d Cir. 2005) (citation omitted).

---

[1] Although there are restrictions on a "second or successive" section 2255 motion, *see* 28 U.S.C. § 2255(h), and Key previously filed a section 2255 motion, this Court resentenced defendant on February 8, 2022, *de novo*. (ECF No. 765.) Therefore, this section 2255 motion is not a "second or successive" motion. *See Magwood v. Patterson*, 561 U.S. 320, 331-34 (2010) (holding that a section 2254 petition challenging an amended judgment is not second or successive to petition challenging original judgment); *Johnson v. United States*, 623 F.3d 41, 45-46 (2d Cir. 2010) (extending *Magwood* to motions pursuant to section 2255); *see also Pedro v. United States*, No. 03-CR-0346-1, 2022 WL 17418529, at *1 (S.D.N.Y. Nov. 30, 2022) (section 2255 motion challenging an amended judgment was not second or successive.)

All five grounds that defendant alleges for his petition allege constitutionally ineffective assistance of counsel. Pursuant to *Strickland v. Washington*'s two-prong test for ineffective assistance of counsel, the petitioner must prove that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 688, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," at 689, and a court must indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Cox v. Donnelly*, 387 F.3d 193, 198 (2d Cir. 2004) (quoting *Strickland*, 466 U.S. at 689).

## II. TRIAL COUNSEL WAS NOT CONSTITUTIONALLY INEFFECTIVE FOR ADVISING THE COURT THAT BABILONIA WAS UNWILLING TO TESTIFY.

Defendant Key's first ground alleges that his counsel was constitutionally ineffective for knowingly making a false statement to the Court—in violation of the A.B.A. Model Rule of Professional Conduct 3.3—that Key's codefendant, Aisha Babilonia, intended to assert her Fifth Amendment right and would not testify. Defendant makes a related claim in his reply submission that McMahon breached his duty of loyalty to his client by relying on representations from the government that Babilonia would not testify.

Key submits that McMahon "knew or should have known that Ms. Babilonia was not going to invoke her Fifth Amendment right" and was instead going to testify. (ECF No. 797 at 5.) He supports this claim with a letter from Babilonia, sent from federal custody on September 18, 2014, nearly six months after the trial in this action had concluded. In relevant part, the letter states,

> In [Key's case], I was advised by my attorney that I will be called in to give testimony and I agreed. . . . the day I was supposed to go to court, the marshals never came to present me before the Judge. . . .
>
> I, Aisha Monique Babilonia, am willing to give testimony should I be summoned to court in the future.

(ECF No. 797 at 17.) Additionally, in his reply brief, defendant submits a notarized letter from Babilonia dated February 1, 2025—eleven years after the trial here—which states, "should I have been subpoenaed to court or ordered to court I would have exercised my right to testify in the above captioned case." (ECF No. 822.) In support of his claim that McMahon misled the Court, Key cites to the trial transcript of March 27, 2014 where McMahon informed the Court, outside of the presence of the jury, that although

3

Babilonia had originally told his investigator that "she was more than happy to come in and testify" (*id.* 1442:11-14), "she has had a change of heart," and was now refusing to testify. (*Id.* 1452:5-8.) In fact, her lawyer had made that representation repeatedly to McMahon and the government. (*Id.* 1442:11-18, 1455:22-1456:6, 1456:18-24, 1647:14-15.) McMahon was not constitutionally ineffective for informing the Court what was true; i.e., that Babilonia was refusing to testify. Her two letters, written six months and eleven years after the trial concluded, do nothing to change that fact.

1. **Key Has Not Demonstrated That Trial Counsel Made False or Misleading Representations to the Court.**

Lacking evidentiary or factual basis, defendant's claim that McMahon "knew or should have known that Babilonia was not going to invoke her Fifth Amendment right" and falsely stated otherwise to the Court cannot support a claim of constitutionally ineffective counsel in this case. Because he has not put forth evidence that McMahon misrepresented anything to the Court, Key has failed to meet the first prong of the *Strickland* standard.

Nor has Key met the second prong of *Strickland*: he has not shown any probability that that putative error prejudiced the result of his trial. Key has made no showing, nor suggested any reason for this Court to infer, that the *result* of the trial would have been different were Babilonia to testify. Indeed, this Court said as much in 2019, writing that Babilonia's "testimony did not lie at the heart of Key's defense . . . [and it] was not critical to the jury's determination," and her "testimony does little to exculpate Key." *Key*, 2019 WL 2314693, at *4-5.

2. **Key Has Not Demonstrated a Conflict of Interest with Trial Counsel.**

Nor do the belated letters from Babilonia support Key's claim that McMahon breached his duty of loyalty to his client by unduly relying on the government's representations concerning Babilonia's unwillingness to testify. (ECF No. 821.) Not only did McMahon not unduly rely on the government's representations, but everyone—the Court, McMahon, and the government—relied on information from Babilonia's attorney, Robert Ray, Esq. (Trial Tr. 1647:14-15.) *See Key*, 2019 WL 2314693, at *4.

An ineffective assistance of counsel claim based on a conflict of interest does not require defendant to demonstrate prejudice, but he must demonstrate an "actual conflict of interest." *United States v. Schwarz*, 282 F.3d 76, 90 (2d Cir. 2002). An actual conflict exists where "during the course of the representation, the attorney's and defendant's interests 'diverge with respect to a material factual or legal issue or to a course of action.'" *Winkler v. Keane*, 7 F.3d 304, 307 (2d Cir.1993) (quoting *Cuyler v.*

4

*Sullivan*, 446 U.S. 335, 356 n. 3 (1980) (Marshall, J., concurring in part and dissenting in part)). Even if Key had demonstrated that McMahon unduly relied on the government's representations—which he has not—Key has made no showing that such reliance caused any divergence between his interests and McMahon's.

Accordingly, defendant's first ground in support of his section 2255 motion is rejected.

### III. TRIAL COUNSEL WAS NOT CONSTITUTIONALLY INEFFECTIVE FOR "FAILING TO SUBPOENA MS. BABILONIA."

Defendant's second ground supporting his section 2255 motion alleges that his counsel was constitutionally ineffective for not calling Babilonia to testify. In support of this claim, defendant cites the September 2014 and February 2025 letters from Babilonia. (ECF Nos. 797 at 17, ECF No. 822.) Defendant claims that "trial counsel was ineffective because he knew that the [trial] outcome would have differed" based on Babilonia's expected testimony, especially because "the jury panel was predominantly all women." (ECF No. 797 at 6.)

This second ground is that Babilonia's failure to testify was due to McMahon's failure to subpoena her to testify at trial. That claim is false. As explained above, Babilonia's attorney advised the Court, the government, and Key's counsel that she would assert her Fifth Amendment right not to incriminate herself and would not testify. (Trial Tr. 1647:14-15.) *See Key*, 2019 WL 2314693, at *4.

Moreover, even if the decision whether Babilonia would testify *had* lain with McMahon, Key has not overcome the "'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance." *Broxmeyer v. United States*, 661 F. App'x 744, 747 (2d Cir. 2016) ("Courts applying *Strickland* are especially deferential to defense attorneys' decisions concerning which witnesses to put before the jury." (quoting *Greiner v. Wells*, 417 F.3d 305, 323 (2d Cir. 2005))). Consequently, Key has failed to meet the first prong of the *Strickland* test, that "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688.

As explained *supra*, Key has not demonstrated a reasonable probability that Babilonia's testimony would have altered the result of his trial. Therefore, he has failed to meet the second prong of *Strickland*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Accordingly, the Court rejects defendant's second ground.

## IV. KEY'S THIRD GROUND—THAT COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO ADEQUATELY CHALLENGE FORFEITURE AT RESENTENCING—IS PROCEDURALLY BARRED.

Defendant's third ground supporting his section 2255 motion alleges that counsel at resentencing—attorney Aaron Mysliwiec—failed to challenge the factual basis for the government's forfeiture motion. (ECF No. 797 at 8.) Key submits that the Court failed to hold a forfeiture hearing pursuant to Fed. R. Crim. P. 32.2, and that Mysliwiec failed to object to the government's calculation of $16.2 million. (*Id.*)

The "mandate rule" bars "re-litigation of issues already decided on direct appeal," including "claims raised and resolved on direct appeal" and then raised again in a habeas proceeding pursuant to section 2255. *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010); *see also United States v. Pitcher*, 559 F.3d 120, 124 (2d Cir. 2009.)

The factual predicate of this claim is the same as the factual predicate of the claim defendant raised on direct appeal of his sentence to the Second Circuit. *See Key*, 2023 WL 4072834, at *4. There, the Second Circuit wrote,

> the district court properly determined the amount of forfeiture ... That number reflect[ed] a reasonable estimate of the drug proceeds based on testimony at the trial and information discussed in the report. Key lodged a general objection to the facts underlying this calculation but offered no reason to doubt those facts. We conclude that the district court's forfeiture order was reasonable.

*Id.*

Because the third ground of Key's section 2255 claim is predicated on the same facts as those he raised on his direct appeal of his sentence, this ground is procedurally barred. Accordingly, the Court rejects defendant's third ground.

## V. TRIAL COUNSEL WAS NOT CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO CHALLENGE THE INTERSTATE COMMERCE ELEMENT OF KEY'S CRIME.

Defendant raises as the fourth ground supporting his section 2255 motion that trial counsel was constitutionally ineffective for failing to challenge the "interstate commerce element of the murder for hire counts." (ECF Nos. 797 at 9; ECF No. 821 at 4-6.) The murder-for-hire counts are Counts Three, Four, and Six. (ECF No. 575 at 2.)

Key urges in his reply brief that his attorney should have challenged the interstate commerce element of his charge for two reasons. First, that his use of a cell phone was too tenuously connected to the murder-for-hire scheme to satisfy the jurisdictional

6

element for those crimes; and second, that including cell phone usage within the meaning of the interstate commerce element of the murder-for-hire statute would stretch the meaning of the statute beyond its congressionally intended ambit. (ECF No. 821 at 4-6.)

However, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "Counsel [is] entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." *Harrington v. Richter*, 562 U.S. 86, 107 (2011). "Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2001) (internal quotation marks and citations omitted).

The record reflects that McMahon forcefully advocated for his client and made strategic decisions concerning which elements of the crime to challenge and which not to. He objected frequently (*see e.g.*, Trial Tr. 1774:3-5, 1804:25-1805:15, 1824:25-1825:5, 1836:1-7), and argued compellingly. (*Id.* 1838:10-1890:3.) Key's challenges do nothing more than ask the Court to scrutinize and reevaluate that strategy, and therefore do not meet *Strickland*'s first prong. Key makes no argument on this ground concerning *Strickland*'s second prong. Accordingly, the Court rejects Key's fourth ground for his section 2255 motion.

## VI.   TRIAL COUNSEL WAS NOT CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO OBJECT TO THE GOVERNMENT'S STATEMENTS IN CLOSING ARGUMENT TO THE JURY.

Defendant raises as the fifth ground supporting his section 2255 motion that trial counsel was constitutionally ineffective for failing to object to the government's "side-line testimonial statements to the petit jury that certain evidence was either cocaine or cocaine residue." (ECF No. 797 at 10.) He further alleges that these statements violated his Sixth Amendment rights under the *Crawford v. Washington*, 541 U.S. 36 (2004) limitation on testimonial statements. (*Id.*)

Key does not give evidence or examples of the "side-line" statements, except that they occurred "especially during closing arguments." (ECF No. 797 at 10.) However, as the Court reminded jurors during before the government's closing, statements by attorneys are not evidence, "[y]ou know that what the lawyers say is not evidence." (*See, e.g.*, Trial Tr. 1766:7.) As cited above, McMahon objected to the government's closing argument where appropriate. Key's bare assertion that McMahon should have objected more often is unsupported by the record. He makes no showing, nor does he suggest, that these failures meet either prong of *Strickland*. Further, attorney statements are not testimonial statements under *Crawford*, and the failure to raise meritless

objections does not render counsel ineffective. *See United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005).

Key presents no argument that counsel's failure to object to the statements as improper generally or as testimonial in violation of *Crawford* prejudiced the result of his trial. Accordingly, the Court rejects Key's fifth ground for his section 2255 motion.

## VII. THERE IS NO NEED FOR AN EVIDENTIARY HEARING.

Key asks the Court to hold an evidentiary hearing on this motion. (ECF No. 797 at 7.) "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013.) Key does not allege any constitutional inadequacies to support his section 2255 motion which raise "controverted issues of fact" supported by any evidence at all. The Court denies Key's request for a hearing.

Accordingly, for the reasons set forth above, Key's motion is hereby DENIED. Because Key has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-13 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Opinion & Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445-46 (1962).

The Clerk of Court is directed to mail a copy of this Opinion & Order to defendant as follows: Roger Key [43656-054], USP Coleman II U.S. Penitentiary, P.O. Box 1034, Coleman, FL 33521.

Dated:　New York, New York
　　　　April 24, 2025

SO ORDERED:

*Sidney H Stein*

Sidney H. Stein, U.S.D.J.