UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------

UNITED STATES OF AMERICA

v.

ROGER KEY,

Defendants.

12-cr-712 (SHS)

ORDER

---------------------------------

SIDNEY H. STEIN, U.S. District Judge.

Defendant Roger Key was convicted by a jury in 2015 of six charges related to drug trafficking and murder for hire. (Dkt. No. 575.) This Court sentenced him to life imprisonment plus 30 years, and the U.S. Court of Appeals for the Second Circuit affirmed that determination. *United States v. Babilonia*, 854 F.3d 163 (2d Cir. 2017). In 2018, Key petitioned the Court to vacate his sentence pursuant to 28 U.S.C. § 2255 and Fed. R. Civ. P. 60(b) and (d). (Dkt. No. 640.) That motion was denied, *United States v. Key*, No. 12-cr-712, 2019 WL 2314693 (S.D.N.Y. May 31, 2019), but the Second Circuit Court of Appeals granted a certificate of appealability on two issues and subsequently granted Key's motion, vacating one count of conviction, Order at 1, *United States v. Key*, No. 19-2169 (2d Cir. Nov. 4, 2020), Dkt. No. 95. This Court then resentenced Key to 45 years' imprisonment and 10 years' supervised release (Dkt. No. 766 at 23-24), and imposed a $16.2 million forfeiture, (Dkt. No. 763). Key subsequently filed an appeal from that sentence and forfeiture (Dkt. No. 768), which the Second Circuit denied, *United States v. Key*, No. 22-337, 2023 WL 4072834 (2d Cir. June 20, 2023). Key then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 797), which this Court denied in April 2025, *United States v. Key*, No. 12-cr-712, 2025 WL 1212153 (S.D.N.Y. Apr. 24, 2025).

By letter motion dated September 22, 2025, Key now requests appointment of counsel in order to assist him in filing a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 833.) That provision allows a court to modify a defendant's sentence upon a motion where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

Key contends that two changes to the United States Sentencing Guidelines effective November 1, 2025, alter the sentencing range on which his sentence was based. (Dkt. No. 833 at 1-2.) Those two changes, according to Key, are the "abolishment of the use . . . [of] criminal history from state prior" offenses in calculating a defendant's

criminal history score and the change of "consecutive sentences" to "singularized sentences." (*Id.*)

In general, "a defendant has no right to the assistance of counsel in filing a motion for compassionate release." *United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021). The "the right to appointed counsel extends to the first appeal of right, and no further"; it does not extend to discretionary appeals of a criminal sentence. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). For a motion such as Key's, "it is within the district court's discretion whether to appoint counsel." *United States v. Pina*, No. 01-cr-619, 2021 WL 364192, at *1 (S.D.N.Y. Feb. 3, 2021). The Court may appoint counsel, bearing in mind the merits of the claim, the nature of the factual issues presented, and the defendant's ability to present the case. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986).

Based on the information contained in Key's motion or appointment of counsel, his potential motion to reduce his sentence is unlikely to succeed on the merits, at least insofar as the points he raises in this motion for appointment of counsel are concerned.[1] The United States Sentencing Guidelines—both before and after the 2025 amendments—count prior state-level offenses when calculating a defendant's criminal history score. *See* U.S.S.G. § 4A1.1 cmt. "Background" (U.S. SENT'G COMM'N 2025). Nor did the 2025 Amendments to the Guidelines alter the use or meaning of consecutive sentences.[2]

If Key is instead referring to the change in the 18 U.S.C. § 924(c) "stacking provision" that no longer imposes a mandatory subsequent 25-year minimum sentence for a "second or subsequent" conviction for use of a firearm in furtherance of a drug trafficking crime or violent crime, where the second violation was charged concurrently with the first, the Court notes that the First Step Act was passed in 2018, and Key's criminal history score was correctly calculated in 2022 with that change already incorporated into the law. (*See* Dkt. No. 766 at 21-22.)

Accordingly, the Court hereby denies defendant Roger Key's motion for appointment of counsel without prejudice. If he does intend to move for a modification of his sentence pursuant to 18 U.S.C. § 3582(c), he should set forth in his motion the statutes or Guidelines provisions on which he is moving and the factual basis for his seeking relief.

---

[1] The Court makes no judgment as to any other arguments Key may raise pursuant to 18 U.S.C. § 3582(c) concerning "extraordinary or compelling reasons" for a sentence reduction or otherwise.

[2] The Court has found no reference to "Singularized Sentences" in the U.S. Sentencing Guidelines.

2

The Clerk of Court is directed to mail a copy of this Order to defendant as follows: Roger Key [43656-054] Victorville U.S.P. 13777 Air Expressway Blvd. Victorville, CA 92394.

Dated:  New York, New York
        January 6, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.

3